# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RUBEN VEGA,** | ) | |
|     **Petitioner,** | ) | **Civil Action No. 09-38 Erie** |
| | ) | |
| v. | ) | **District Judge McLaughlin** |
| | ) | **Magistrate Judge Baxter** |
| **J.F. Mazurkiewicz, et al.,** | ) | |
|     **Respondents.** | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.**  **RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus be denied and that a certificate of appealability be denied.


**II.**  **REPORT**

Petitioner Ruben Vega is a state prisoner who is currently incarcerated at the State Correctional Institution located in Mercer, Pennsylvania. Before the Court is his Petition for Writ of Habeas Corpus [ECF No. 4], which he has filed pursuant to 28 U.S.C. § 2254.


    **A.**  **Relevant Background**

On February 14, 2007, Petitioner and two co-conspirators robbed a Country Fair convenience store of $380.00 cash and other merchandise. During the robbery, he pointed a .22 caliber handgun at two store clerks. Commonwealth v. Vega, No. 1067-2007, slip op. at 1 (C.P. Erie Mar. 6, 2008).[1]

---

[1] Petitioner has attached the relevant state court decisions to his petition.

1

The Commonwealth charged him with: (1) criminal conspiracy to commit robbery; (2) robbery; (3) theft by unlawful taking; (4) theft by receiving stolen property; (5) possessing instruments of crime; and, (5) carrying a firearm without a license. Id. On July 2, 2007, Petitioner pleaded guilty to the charges of robbery and possessing instruments of crime. Julia Dudics, Esquire, represented him. Pursuant to a plea agreement, the remaining charges were *nolle prossed*.

On August 3, 2007, the Common Pleas Court sentenced Petitioner to a term of incarceration of 5-10 years for robbery and a concurrent sentence of 9-30 months for possessing instruments of crime. This was the lowest possible sentence that he could have received. Id. at 2. Petitioner subsequently filed a motion to withdraw his guilty plea, which the court denied on October 22, 2007. No direct appeal was filed.

On November 15, 2007, Petitioner filed a *pro se* motion under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.*, seeking leave to withdraw his guilty plea. He argued that there was insufficient evidence to support his conviction of possessing instruments of crime because the related charge of carrying a firearm without a license had been *nolle prossed*. He further asserted that Attorney Dudics was ineffective because she advised him to plead to the charge of possessing instruments of crime when the Commonwealth could not prove that crime. He also argued that counsel was ineffective because she failed to explain to him the nature of the two charges to which he pleaded guilty. [Petition, ECF No. 4 at pp. 2-13].

The PCRA Court appointed William J. Hathaway, Esquire, to represent Petitioner. On March 6, 2008, the court issued a Notice of Intent to Dismiss (Commonwealth v. Vega, No. 1067-2007, slip op. (C.P. Erie Mar. 6, 2008)), and on March 27, 2008, it Ordered that the PCRA petition be denied.

2

Petitioner, through Attorney Hathaway, filed an appeal with the Superior Court of Pennsylvania. On December 19, 2008, the Superior Court issued a Memorandum in which it affirmed the PCRA Court's decision. Commonwealth v. Vega, No. 728 WDA 2008, slip op. (Pa.Super. Dec. 19, 2008).

In his petition for writ of habeas corpus [ECF No. 4], Petitioner raises the same claims set forth above, which the state court had rejected in his PCRA proceedings. Respondents have filed their Answer [ECF No. 11] and the case is now ripe for review.

### B. Discussion

#### (1) Standard Of Review

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002). It "requires federal courts collaterally reviewing state proceedings to afford considerable deference to state courts' legal and factual determinations." Lambert v. Blackwell, 387 F.3d 210, 234 (3d Cir. 2004); see also Lewis v. Horn, 581 F.3d 92, 109-18 (3d Cir. 2009).

AEDPA restricts a federal court's authority to grant relief when, as is the case here, the state court has "adjudicated on the merits" the petitioner's federal constitutional claims. In such cases, federal habeas relief may only be granted when the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1). See also Williams v. Taylor, 529

3

U.S. 362, 405-06 (2000); Lambert, 387 F.3d at 234.[2] Review under § 2254(d) is limited to the record that was before the state court. Cullen v. Pinholster, — U.S. —, 131 S.Ct. 1388, 1398-1401 (2011).

As the Supreme Court recently observed:

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. Cf. Felker v. Turpin, 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) (discussing AEDPA's "modified res judicata rule" under § 2244). It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. Jackson v. Virginia, 443 U.S. 307, 332, n. 5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment). As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

Harrington v. Richter, — U.S. —, 131 S.Ct. 770, 786-87 (2011).

Under AEDPA, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 131 S.Ct. at 786, quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004). This means that "a habeas court must determine what arguments or theories supported or [when the state court summarily disposes of a claim] could have supported, the state court's decision; and then it must ask

---

[2] "A state-court decision is 'contrary to' clearly established federal law if the state court (1) 'contradicts the governing law set forth in [the Supreme] Court's cases' or (2) 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a [different] result.'" Lambert, 387 F.3d at 234, quoting Williams, 529 U.S. at 405-06. "A state-court decision 'involve[s] an unreasonable application' of clearly established federal law if the state court (1) 'identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular…case'; or (2) 'unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'" Lambert, 387 F.3d at 234, quoting Williams, 529 U.S. at 407.

4

whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of the [United States Supreme] Court." Id.

### (2) Sufficiency of the Evidence

Petitioner admitted under oath that he was guilty of possession of instruments of crime:

> [PROSECUTOR]: And then at Count 5 the Commonwealth alleges that you did possess a firearm or other weapon concealed about your person with the intent to employ it criminally and/or you did possess any (sic) instrument of crime with intent to employ it criminally, specifically a .22 caliber handgun in that you did use that at 1904 East Lake Road, City of Erie, Erie County, PA, and removing cash from the register, and/or two packs of Newports and/or two packs of Black and Milds and/or a bag of chips while displaying the gun. As a result of that conduct you committed the offense of possessing instruments of crime, a misdemeanor of the first degree. How do you plead?
>
> THE DEFENDANT: Guilty.

Vega, No. 728 WDA 2008, slip op. at 5-6, quoting 7/2/07 Plea Hr'g Tr. at pp. 9-10.

Petitioner now contends that there was insufficient evidence to support his possession of instruments of crime conviction because the related charge of carrying a firearm was *nolle prossed*. He also argues that his counsel was ineffective for advising him to plead guilty to this crime because the Commonwealth could not prove it, since it had *nolle prossed* the firearms charge. He argues: "How can there be sufficient evidence for one charge and not the other when they have the same elements?" [ECF No. 4 at p. 7].

There is no merit to this claim. The Superior Court denied it because the record establishes that Petitioner was fully apprised of the factual predicates of the charge of possessing an instrument of crime prior to admitting his guilt. Vega, No. 728 WDA 2008, slip op. at 7-8. The Superior Court's decision satisfies review under AEDPA. The U.S. Supreme Court has strictly limited the circumstances under which a guilty plea may be attacked on collateral review:

5

> It is well settled that a voluntary and intelligent plea of guilt made by an accused person, who has been advised by competent counsel, may not be collaterally attacked. And even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct appeal. Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal. Indeed, the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas.

Bousley v. United States, 523 U.S. 614, 621 (1998) (internal quotations and citations omitted). By knowingly pleading guilty, Petitioner waived his right to have a trial by a jury, to be presumed innocent until proven guilty, and to have the prosecutor prove his guilt beyond a reasonable doubt. Since a plea of guilty constitutes an admission of all facts necessary for conviction, Petitioner waived his right to contest the sufficiency of the evidence that might have been produced at trial. See, e.g., United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) (a guilty plea constitutes a waiver of all nonjurisdictional defects, including the right to contest the factual merits of the charges). See also 1A Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 172 (4th ed. 2010) (collecting cases for the proposition that a guilty plea waives claims that the government's evidence was insufficient to sustain a conviction).

Finally, as the PCRA Court explained, the fact that the firearms charge was dismissed did not negate the reality that Petitioner, by his own admission, had possessed a .22 caliber handgun and had threatened the victims with it during the course of the robbery. Vega, No. 1062-2007, slip op. at 5-6. The record also establishes that if Petitioner had elected to go to trial, the Commonwealth had sufficient evidence to convict him, as it was prepared to present the testimony of his two co-defendants and of the two store clerks to prove that he was the one who possessed the weapon and used it during the robbery. Id.

### (3) Alleged Invalidity of His Guilty Pleas

In an attempt to get around the limitation his guilty plea has on his availability to receive relief on collateral review, Petitioner contends that his plea was not "intelligent" because his counsel, Attorney Dudics, failed to explain the nature of the two charges to which he pled.

The "clearly established Federal law" for AEDPA purposes in which to analyze Petitioner's claim that Dudics provided him with ineffective assistance is set forth in Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, Petitioner first must show that counsel's representation fell below an objective standard of reasonableness. 466 U.S. at 688; see also Williams, 529 U.S. at 390-91. The law presumes that Dudics was effective. Id. at 689 ("a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance"). Strickland also requires Petitioner to demonstrate that he was prejudiced by Dudics' alleged deficient performance. This requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

The Superior Court's decision denying Petitioner's ineffective assistance of counsel claims was neither "contrary to" nor an "unreasonable application of" the Strickland standard. 28 U.S.C. § 2254(d). Petitioner cannot support his contention that he was unaware of the elements of the charges of robbery and possessing instruments of crime because the transcript of the plea proceeding definitively establishes otherwise. This Court already has quoted the portion of the plea proceeding during which he was fully advised of the elements of the crime of possessing instruments of crime. Vega, No. 728 WDA 2008, slip op. at 5-6, quoting 7/2/07 Plea Hr'g Tr. at pp. 9-10. The transcript of the plea proceeding likewise shows that he was advised of the elements of the crime of robbery:

> [PROSECUTOR]: … [T]he Commonwealth alleges that on February 14th of 2007 you either directly or by virtue of your complicity while in the course of committing a theft did threaten

|              |              |
|--------------|--------------|
|              | another with intentionally put him in fear of imminent serious bodily injury, specifically that you did remove cash from the register and/or two packs of Black and Milds and /or bags of chips while displaying a .22 caliber handgun … How do you plead? |
| DEFENDANT:   | Guilty.      |

Id.

The transcript also shows that Petitioner voluntarily and intelligently entered his plea, and that at the time he was satisfied with Dudics' representation:

|              |              |
|--------------|--------------|
| THE COURT:   | Today are you under the influence of any medication or any other substance which would affect your ability to know what you're doing? |
| DEFENDANT:   | No.          |
| THE COURT:   | So you know what you're doing? |
| DEFENDANT:   | Yes, Your Honor. |
| THE COURT:   | Are you sure?  |
| DEFENDANT:   | Yes.         |
| THE COURT:   | Okay. Have you had enough time to talk to your lawyer about your case? |
| DEFENDANT:   | Yes, Your Honor. |
| THE COURT:   | Are you satisfied with her representation of you? |
| DEFENDANT:   | Yes, Your Honor. |
| THE COURT:   | Is your plea today knowing and voluntary, meaning you know what you're doing and you're voluntarily entering a plea? |
| DEFENDANT:   | Yes, Your Honor. |

Vega, No. 1062-2007, slip op. at 10-11, quoting Plea Hr'g Tr. at pp. 15-16.

In conclusion, there is no merit to Petitioner's claim of ineffective assistance and he is not entitled to habeas relief under AEDPA. He cannot avoid the consequences of having admitted under oath that he was guilty of robbery and possessing instruments of crime by blaming his attorney, as there is no evidence that his plea was anything other than knowing, voluntary, and intelligent.

### C. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether each of Petitioner's claims should be denied. Accordingly, a certificate of appealability should be denied.

## III. CONCLUSION

For the foregoing reasons, it is respectfully that recommended that the Petition For Writ Of Habeas Corpus be denied and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the petitioner must seek review by the district court by filing objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187,

9

193 n.7 (3d Cir. 2011).

                                               /s/ Susan Paradise Baxter
                                               SUSAN PARADISE BAXTER
                                               United States Magistrate Judge

Dated: May 16 , 2011

cc:      The Honorable Sean J. McLaughlin
         United States District Judge